8602

FAIREY v. ZEIGLER.

1. CLAIM AND DELIVERY.—The papers used in motion to vacate claim and delivery proceeding were not sufficiently definite.

2. IBID.—The affidavit in claim and delivery on which the warrant was based, sufficiently set forth the facts on which claim of plaintiff for possession of property was based.

3. IBID.—EVIDENCE.—In claim and delivery right to possession may be shown by proof of chattel mortgage and of nonpayment of debt secured thereby.

4. IBID.—DAMAGES for withholding possession of chattels need not be specifically alleged.

5. IBID.—IBID.—That a mortgagee had instructed his agent to seize the mortgaged property, take it into an adjoining county and sell it, was not prejudicial to the rights of appellant here.

6. IBID.—Upon breach of conditions of chattel mortgage, title to the property mortgaged vests in mortgagee.

Before MEMMINGER, J., Hampton, December, 1912. Affirmed.

Action by James C. Fairey against E. A. Zeigler. Defendant appeals. The affidavit and notices of motion referred to are:

"Personally appeared before me G. L. Salley, C. C. P. of Orangeburg county and the said State, James C. Fairey, plaintiff, who, being duly sworn, says:

I. "That he is owner of, or that he is entitled to immediate possession of, by reason of a chattel mortgage the following described property, to wit: 'One bay horse mule five years old, about fifteen (15) hands high, and also one brown horse mule, five years old, about fifteen (15) hands high.'

II. "That the said property is wrongfully withheld or detained by the defendant above named.

III. "That according to his best knowledge, information and belief, the cause of such withholding or detention is for the purpose of delay.

IV. "That the said property has not been taken for any tax, fine or assessment, pursuant to statute or seized by virtue of an execution or attachment against the property of the plaintiff.

V. "That the actual value of said personal property is the sum of two hundred and fifty ($250) dollars. James C. Fairey."

"Sworn to and subscribed before me this June 8, 1911. (Seal) G. L. Salley, C. C. P."

Notice of motion.

"To Messrs. Glaze & Herbert, Attorneys for Plaintiff.
    Please take notice:

"That the undersigned counsel for the defendant herein will move before his Honor, Judge J. W. DeVore, at his chambers in the town of Hampton, South Carolina, on the 22d day of June, 1911, at ten o'clock in the forenoon on the said day, or as soon thereafter as counsel can be heard, for an order vacating, setting aside and dismissing the proceedings had and taken in connection with the above entitled case for the delivery of the personal property described in the complaint herein, and relieving the said defendant from his obligation on the replevin bond given by said defendant herein to prevent the delivery of the said property to the plaintiff herein, the said motion being based on the grounds that the said proceedings were and are illegal and void.

"That this motion will be made on the pleadings and proceedings of the plaintiff herein and the attached affidavit. J. W. Vincent, Attorney for Defendant."

Notice of motion.

"To Messrs. Glaze & Herbert, Attorneys for Plaintiff.
    Please take notice:

"That the undersigned counsel for the defendant herein will move before his Honor, Judge J. W. DeVore, at his chambers in the town of Barnwell, South Carolina, on the 18th day of July, 1911, at ten o'clock in the forenoon on

said day, or as soon thereafter as counsel can be heard, for an order vacating, setting aside and dismissing the proceedings had and taken in connection with the above entitled case for the delivery of the personal property mentioned and described in the affidavit and complaint in this action, and relieving the said defendant from his obligation on the replevin bond given by said defendant herein to prevent the delivery of the said property to the plaintiff herein, the said motion being based on the grounds that said proceedings were and are illegal and void, in that the affidavit on which the process issued to deliver the property to the plaintiff does not state facts sufficient to constitute a cause of action against said defendant, or sufficient to warrant the taking of the property of the defendant by the plaintiff herein, there being no facts showing that the plaintiff is or was entitled to the immediate possession of the property.

"That this motion will be made on the pleadings and proceedings herein and on the attached affidavit. J. W. Vincent, Attorney for Defendant."

Defendant's Exceptions.

1. "His Honor, Judge J. W. DeVore, erred in holding and deciding on the first motion of the defendant to vacate the claim and delivery proceedings herein, that the notice of motion was not sufficiently definite, and in requiring the defendant to renew said motion and give more specific grounds of the motion, it being submitted that the said motion papers were sufficiently definite to apprize the plaintiff of the grounds of the motion.

2. "That his Honor, Judge J. W. DeVore, erred in refusing the second motion of the defendant to vacate the proceedings of the plaintiff in this action, heard at Barnwell, S. C., on the 25th day of July, 1911; it being submitted that the affidavit of the plaintiff, on which the action or proceeding for the immediate delivery of the property was based, was not sufficient, under the law, to warrant the taking of the property from the possession of the defendant, in this:

section No. 258, Code of Procedure, 1912, subdivision 1, requires that the plaintiff shall make an affidavit, that he 'is owner of the property claimed,—or is lawfully entitled to the possession thereof, by virtue of a special property therein, *the facts in respect to which shall be set forth,*' and this requirement was not complied with for the reason that no *facts* were *set forth,* on which he based his claim.

3. "His Honor, Judge R. W. Memminger, erred in admitting in evidence the chattel mortgage, over the objection of defendant, for the reason that, inasmuch as the plaintiff had alleged, in his affidavit and in his complaint, that he was the *owner* of the property claimed, any evidence showing a special property therein was irrelevant and prejudicial.

4. "His Honor, Judge Memminger, erred in admitting any evidence offered by the plaintiff to show that the plaintiff had the right to the possession of the property by virtue of the nonpayment of a debt secured by a chattel mortgage from the defendant to the plaintiff, same being irrelevant under the allegation of ownership.

5. "That his Honor, Judge Memminger, erred in admitting in evidence, to wit: the chattel mortgage and the verbal testimony of witnesses, as to the right to the immediate possession of the property claimed by the plaintiff, the allegation, 'and of which the plaintiff is entitled to the immediate possession,' being a conclusion of law merely without stating the facts with respect to said right; his Honor should have excluded all said testimony as irrelevant.

6. "His Honor erred in admitting evidence of the witnesses, Ed Newlin, and plaintiff himself as to any damage claimed by the plaintiff, there being no allegation in the complaint as to damages.

7. "His Honor erred in refusing defendant's motion for a directed verdict in his behalf on the ground that there was a total variance between the allegata and probata, in this, the complaint alleged that the plaintiff was the owner of the property, whereas, the proof was that he merely claimed

the right to the possession of the same by virtue of that special property given by the law where the mortgagor defaults in the payment of the mortgage debt.

8. "His Honor erred in refusing the defendant's motion for a directed verdict on the grounds that the evidence of the plaintiff's own witness as well as that of the defendant, showed that the plaintiff had instructed his agent, John Kennelly, the witness referred to, to seize the property, take it out of the county and sell it; it being submitted that the plaintiff did not have the right to take the property from the defendant for the purpose of selling it in another county than the one where the defendant resided.

9. "His Honor erred in charging the jury that the plaintiff in this action *seeks* to recover from the defendant fifty dollars damages in this action, it being submitted that there is no allegation in the complaint as to any damages claimed by the plaintiff.

10. "His Honor erred in charging the jury that 'Consequently, under law, the conditions of the mortgage being broken the ownership of the property became vested in the plaintiff,' it being submitted that the breach of the condition of a chattel mortgage does not vest the ownership of the property in the mortgagee, but merely the right of the plaintiff to the possession of the property for the purpose of selling the same in satisfaction of the mortgage debt.

11. "His Honor erred in charging the jury, 'If you decide that a demand was made and Zeigler should have given up the mules and nevertheless has kept them he would be liable in such damages as the evidence shows that Fairey sustained by not being able to get possession of these mules and you must decide from the evidence what amount of damages you would fix,' it being submitted that the plaintiff was not entitled to any damages whatsoever, there being no allegation in his complaint as to any damages."

*Mr. J. W. Vincent,* for appellant.

*Messrs. Glaze & Herbert* and *J. W. Manuel,* contra.

*Messrs. Glaze & Herbert* cite:*Requisites of affidavits:* 85 S. C. 346. *After condition broken legal title of chattels mortgaged vests in mortgagee:* 91 S. C. 124; 85 S. C. 347; 31 S. C. 164; 22 S. C. 20; 44 S. C. 315; 23 S. C. 282. *Damages for detention need not be alleged:* 70 S. C. 102; 23 S. C. 285; 65 S. C. 284; 66 S. C. 394. *Where mortgagee converts property to his own use, he forfeits balance of debt:* 28 S. C. 258; 31 S. C. 168; 73 S. C. 403; 78 S. C. 531.

July 8, 1913.   The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.   This is an action in claim and delivery, for certain mules, and resulted in a verdict in favor of the plaintiff.

The defendant appealed upon exceptions, which will be reported.

It seems that the appellant does not contemplate any relief in so far as the merits of the case are involved, and that the sole purpose of the appeal, is to reverse the judgment in order that the defendant, may not be compelled to pay the costs of the case; for his attorney in his argument says: "If the cost item could be eliminated, the defendant is cheerfully willing to deliver the property to the plaintiff or pay the debt in full."

While the defendant has appealed upon eleven exceptions, he has not cited a single decision to sustain any of them:

First Exception: The appellant's attorney did not argue this exception, which is clearly untenable.

Second Exception: It is only necessary to refer to the affidavit, to show that this exception can not be sustained.

Third, Fourth and Fifth Exceptions: We fail to see wherein the rulings mentioned in these exceptions were prejudicial to the rights of the appellant.

Sixth Exception: The authorities cited in the argument of the respondent's attorneys clearly show, that this exception can not be sustained.

Seventh Exception: What has already been said disposes of this exception.

Eighth Exception: It has not been made to appear, that the facts mentioned in said exception, in any respect affected the right of the plaintiff in this case.

Ninth Exception: What has already been said, disposes of this exception.

Tenth Exception: The ruling of his Honor, the presiding Judge, is fully sustained by the authorities cited in the argument of the respondent's attorneys.

Eleventh Exception: What has already been said, disposes of this exception.

Appeal dismissed.